UNITED STATES DISTRICT COURT
Southern District of Florida

CASE NO.: 11-23972-CIV-MARTINEZ

**DISABILITY ADVOCATES AND
COUNSELING GROUP, INC.,**

      Plaintiff,

vs.

**690 HOLDING COMPANY, LLC,
SUN OF 79th ST., INC. and
CITICHECK CASH SERVICES, LLC,**
d/b/a Sunoco, 690 NW 79th Street,
Miami, Florida,

      Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff, Disability Advocates and Counseling Group, Inc. (referred to herein as "Plaintiff), hereby sues Defendants, **690 HOLDING COMPANY, LLC, SUN OF 79th ST., INC. and CITICHECK CASH SERVICES, LLC** (jointly referred to herein as "Defendants"), for declaratory and injunctive relief and attorneys' fees, litigation expenses and costs, pursuant to 42 U.S.C. § 12181, et seq. ("Americans With Disabilities Act" or "ADA").

## JURISDICTION

1. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §§12181, et seq., based on Defendants' violations of Title III of the Americans With Disabilities Act (see also 28 U.S.C. §§2201 and 2202).

## PARTIES

2. Plaintiff, Disabilities Advocates and Counseling Group, Inc. ("DACG") is a non-profit corporation organized and existing under the laws of the State of Florida. DACG's members

CASE NO.: 11-23972-CIV-MARTINEZ

are individuals with disabilities as defined by and pursuant to the ADA. DACG has several purposes. One of those purposes is representing its members to assure that public accommodations and commercial premises are accessible to and useable by its members presently and in the future, to assure its members that they will not be excluded from participation in or be denied the benefits of the services, programs or activities of public accommodations, and to assure its members that they are not discriminated against because of their disabilities. DACG and its members have suffered direct and indirect injury as a result of Defendants' actions or inaction described herein, and will continue to suffer injury and discrimination without the relief provided by the ADA as requested herein. DACG has also been discriminated against because of its association with its members and their claims, and because its resources (both time and money) have been impaired and not been able to go to those activities due to the resources expended (both time and money) on this matter in the attempt to end the discrimination by the Defendants.

3.  Plaintiff's members desire to and have an interest in traveling throughout the community and engaging in daily activities free of barriers to access, as members of the able-bodied community are presently able to do. As such, they have a personal interest in and seek to enforce compliance with the ADA and to end discrimination against themselves resulting from ADA violations. Furthermore, Plaintiff's members also seek enforcement of and compliance with the ADA and to end discrimination against themselves and all other persons with disabilities, so that they and all other persons with disabilities may avail themselves of public accommodations and facilities, services and goods which are available to the able bodied community, without discrimination caused by illegal barriers to access.

CASE NO.: 11-23972-CIV-MARTINEZ

4. Completely independent of their personal desires to have access to public accommodations free of illegal barriers to access, Plaintiff's members also acts as "testers" on behalf of Plaintiff and its members, for the purpose of discovering, encountering and engaging discrimination against the disabled in public accommodations. When acting as "testers," Plaintiff's members employ a routine practice. They personally visit the public accommodation where he/she knows or where it has been reported to him/her that illegal barriers to access exist; he/she engages all of the illegal barriers to access at the subject premises, or at least all of those he/she is able to access; and he/she tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; he/she proceeds with legal action enjoin such discrimination; and he/she subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of their other subsequent visits, Plaintiff's members also intend to visit the subject premises annually to verify compliance or non-compliance with the ADA.

5. In their capacity as "testers," when Plaintiff's members encounter illegal barriers to access, as they did here with respect to Defendants' premises, he/she engages those barriers to the extent he/she is able. Also, to the extent he/she is able to do so given the existing barriers to access, Plaintiff's members also avails himself/herself and/or attempts to avail himself/herself to the subject public accommodation as a whole (including all public areas thereon and all services, goods, facilities and amenities offered thereat). He/she does so for the purpose of using those public accommodations and also to establish discrimination against himself/herself and the disabled due the illegal barriers to access and the resulting denial of access to the property and the services, goods, facilities and amenities offered thereat.

WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33131 • TEL.: 305.979.8700 • FAX: 305.377.8416

CASE NO.: 11-23972-CIV-MARTINEZ

6.  In this instance, Plaintiff's members suffered legal harm and legal injury, and they will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendants' ADA violations addressed herein.

7.  One or more of Plaintiff's members (both individually and as a "tester"), has attempted to access and use all public areas of the subject gas station and market, which is owned, leased and/or operated by Defendants, in the past, but has been and will continue to be discriminated against and excluded from proper unobstructed access to and use of those facilities due to Defendants' failure to remove illegal barriers to access and comply with the ADA as set forth herein. Additionally, Defendants have failed to afford DACG's members the opportunity to participate in and benefit from the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations owned, leased and/or operated by Defendants and/or has relegated DACG's members to receiving different or separate benefits which are not equivalent to those offered by Defendants to able-bodied patrons. DACG's members specifically intend to gain access into and use the gas station and market owned, leased and/or operated by the Defendants in the future, as members of the able-bodied community are presently able to do, but have been and will continue to be denied such access and use as a result of Defendants' failure to remove illegal barriers to access and comply with the ADA as set forth herein, and are at serious risk of suffering further and irreparable injury without the relief requested herein. Defendants' ADA violations are continuing in nature and will continue indefinitely into the future and, as a result, will continue to prelude access by DACG's members.

8.  Defendant, **690 HOLDING COMPANY, LLC** is a Florida limited liability company which is authorized to transact and which transact business in Florida. Defendant, **SUN OF 79th**

CASE NO.: 11-23972-CIV-MARTINEZ

**ST., INC.** is a Florida corporation which is authorized to transact and which transact business in Florida. Defendant, **CITICHECK CASH SERVICES, LLC** is a Florida limited liability company which is authorized to transact and which transact business in Florida. Defendants are the owners, lessors, lessees and/or operator of the real property and / or improvements thereon and the elements therein, which are the subject of this action, commonly referred to as a Sunoco gas station and market, located at 690 NW 79th Street, Miami, Florida (the "building" or "premises").

## INTRODUCTION

9. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§12101, et seq.

10. Congress found, among other things, that:

    i. some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    ii. historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    iii. discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    iv. individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs, or other opportunities; and,

    v. the continuing existence of unfair and unnecessary discrimination and

WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33131 • TEL.: 305.979.8700 • FAX: 305.377.8416

>prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity,

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

11. Congress explicitly stated that the purpose of the ADA was to:

> i. provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> ii. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
>
> iii. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

12. The congressional legislation provided commercial businesses one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendants have 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. §12181; 28 CFR §36.508(a).

13. The subject premises, facilities and elements which are owned, leased to or by, and/or operated by Defendants, and which are the subject of this action, include a gas station, convenience store and related facilities. The station, market and facilities must be, but are unable to be, accessed by individuals with disabilities, including the Plaintiff's members. By failing to make the premises, facilities and elements accessible to individuals with disabilities or otherwise provide equivalent participation in the benefits and services offered therein, Defendants have effectively excluded and otherwise denied Plaintiff's members the benefits of the goods, services, privileges, advantages

- 6 -

WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33131 • TEL.: 305.979.8700 • FAX: 305.377.8416

CASE NO.: 11-23972-CIV-MARTINEZ

and/or accommodations and has discriminated against Plaintiff's members on the basis of their disabilities, and Defendants have denied Plaintiff's members the opportunity to participate in and derive the equivalent benefits of the goods, services, privileges, advantages or accommodations that are provided to able-bodied individuals.

14. Pursuant to 42 U.S.C. §12181(7); 28 CFR §36.104, the buildings and facilities which are the subject of this action are public accommodations covered by the ADA and which must be in compliance therewith.

15. Defendants have discriminated against Plaintiff's and its members by denying them access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the subject buildings, facilities and elements and by otherwise failing to provide for Plaintiff's members equivalent participation in Defendant's goods, services, facilities, privileges, advantages and/or accommodations, as prohibited by 42 U.S.C. Sec. 12182 et seq., and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv). Plaintiff and its members desire to use Defendants' facilities presently and in the future, but are precluded from doing so as a result of Defendants' ADA violations set forth herein.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 CFR Part 36.

17. Defendants are in violation of 42 U.S.C. 12181 et seq. and 28 CFR 36.302 et seq., and are discriminating against the Plaintiff and its members, and all other individuals with disabilities, by failing to, inter alia,

WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33131 • TEL.: 305.979.8700 • FAX: 305.377.8416

    i.     provide an accessible path of access from the boundary of the premises to the primary entrance to the market, which path does not require user to traverse vehicular traffic;

    ii.    provide an accessible clear floor space in front of the exterior fire extinguishers, and to locate the fire extinguishes to be within accessible reach parameters;

    iii.   provide an accessible path of access, of the requisite width, to the exterior payment drawer;

    iv.   provide an accessible path of access, of the requisite width, to the exterior emergency fuel shut-off;

    v.    provide an accessible path of access to, and an accessible clear floor space in front of, the Florida propane gas exchange;

    vi.   modify the ramp leading from the parking level to the market level to have the requisite slopes and to have compliant hand rails on both sides of the ramp;

    vii.   provide an accessible path of access, of the requisite width, throughout the public areas of the markets;

    viii.  modify the Instaspot machine to have Braille instructions and Braille on the operational controls, or so the controls, instructions and all information for use are accessible to and independently usable by persons with vision impairments;

    ix.   provide an accessible cashier counter section, at the requisite height and width;

    x.    provide an accessible Western Union counter section, at the requisite height and width; and,

    xi.   modify rest room to be accessible, including, failing to:

          a.    provide compliant identifying signage, with Braille, mounted at the requisite location;

          b.    modify the enry door to have the requisite opening resistences;

          c.    provide a mirror at the requisite height;

          d.    provide the lavatory at the requisite height, with the requisite knee clearances and maneuvering clearances for accessibility; and,

- 8 -

WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33131 • TEL.: 305.979.8700 • FAX: 305.377.8416

CASE NO.: 11-23972-CIV-MARTINEZ

  e. locate the paper towel dispenser to be reachable within the accessible reach parameters,

by January 26, 1992 (or January 26, 1993 if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

 18. Each of the above-described required ADA alterations / modifications are readily achievable as defined by and pursuant to the ADA

 19. Plaintiff's members have sought and have been, continue to be, and in the future will, be denied access to the benefits of services, programs and activities of the subject premises and its facilities and elements, and have otherwise been discriminated against and damaged by Defendants, because of Defendants' ADA violations set forth above, and will continue to suffer such discrimination, injury and damage without the relief provided by the ADA as requested herein.  The claims asserted herein do not require the participation of each individual member.

 20. Any and all requisite notice, if required, has been provided.  Furthermore, such notice is not required as a result of Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993 if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

 21. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorneys' fees, including costs and litigation expenses, incurred in this action.  Plaintiff is entitled to recover those attorneys' fees, litigation expenses and costs from Defendants pursuant to 42 U.S.C. §12205.

 22. Pursuant to 42 U.S.C. 12188, the Court is provided authority to grant Plaintiff injunctive relief including an order requiring Defendants to alter the subject premises and the buildings and facilities thereon and elements therein to make them accessible to and useable by

CASE NO.: 11-23972-CIV-MARTINEZ

individuals with disabilities to the extent required by the ADA.

**WHEREFORE**, Plaintiff respectfully requests the Court to find that Defendants have been and continue to be in violation of the ADA and have discriminated and continue to discriminate against Plaintiff and its members, issue a permanent injunction enjoining Defendants from continuing its discriminatory practices, ordering Defendants to alter the subject premises, facilities and elements as appropriate to comply with the ADA, awarding Plaintiff its attorneys' fees, litigation expenses and costs incurred in this action, and retaining jurisdiction to assure Defendants' subsequent compliance with the ADA and protect against similar subsequent discrimination by Defendants.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that this __13th__ day of __December__, 2011 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Michael Ira Bernstein, Esq.
The Bernstein Law Firm
1688 Meridian Avenue
Suite 418
Miami Beach, Florida 33139
michael@miblawofice.com

**WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA**
*Attorneys for Plaintiff*

By: __s / William Nicholas Charouhis__
William Nicholas Charouhis, Esquire
Florida Bar No. 510076
Suite 1750 • Brickell Bayview Centre
Eighty Southwest Eighth Street
Miami, Florida 33130
Telephone: 305.979.8700; Facsimile: 305.377.8416
wnc@wnclaw.net

W:\Casefile\!M\ADA\Complaint\Gas Station\DACG\690 Holding Co [Sunoco] [109.7680.1][ du ][ Amended Complaint ] [121311][wnc].wpd

- 10 -

**WILLIAM NICHOLAS CHAROUHIS & ASSOCIATES, PA**
SUITE 1750 • BRICKELL BAYVIEW CENTRE • EIGHTY SOUTHWEST EIGHTH STREET • MIAMI, FLORIDA 33131 • TEL.: 305.979.8700 • FAX: 305.377.8416